IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| TERRY DEAN ANDERSON, JR ) | |
| ) | |
| ) | Case No. DR: 22-cr-01449-AM |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| *Respondent* ) | |

**THIRD MOTION TO DISMISS INDICTMENT**

Based on information and belief, the defendant further asserts, respectfully, that this Honorable Court lacks both subject matter jurisdiction in the instant case and jurisdiction over the person of the defendant. In support thereof, the defendant states:

[T]he statesmen who framed the Constitution were fully sensible, that from the complex character of government, it must fail unless the states mutually supported each other and the general government itself. The Federal Constitution places certain limits on the sovereign powers of the states and on the federal government, limits that are an essential part of the Framers' conception of national identity and Union.

Defendant's challenge to this Court's jurisdiction is predicated on the fundamental principal that the enclave provisions of the Constitution of the United States of America under Article 1, Sec 8, and codified by 18 U.S.C. § 13, places the government's prosecution of defendant beyond the statutory and constitutional reaches or otherwise subject-matter jurisdiction of the federal courts. To date this Court has in clearly "placed the cart before the horse" and assumes that a government

1

indictment automatically invokes the subject-matter jurisdiction of the federal courts and thus jurisdiction over the person of the defendant simply because the case was filed.

This Court has a duty to examine its own jurisdiction.  In general, a federal court is required to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Defendant clearly attacks the government's constitutional and statutory authority to haul him into court from the outset. "Consequently, defects in subject matter jurisdiction require correction regardless of whether the error was raised in district court. See, *e.g.*, *Louisville Nashville R. Co.* v. *Mottley*,211 U.S.149(1908)." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

It is true that the government may criminally indict an individual for violations of laws committed against the United States, *provided* that the criminal conduct was committed either (1) in the District of Columbia pursuant to Art. I, sec 8, to the Constitution of the United States, 18 USC § 7; or (2) committed on a federal enclave pursuant to Art. I, sec 8, cl 17, to the Constitution of the United States, 18 USC § 13. The situs of Mr. Anderson's alleged federal offense was the private parking lot of the "Pizza Outpost" located specifically at 302 W. Military Hwy, Bracketville, Texas 78832, in the state of Texas which is not a federal enclave for the purpose of invoking the subject-matter jurisdiction of the federal courts.

The locus of police contact and the ensuing place of contact with Mr. Anderson which predicates the federal indictment failed to be located within the statutory perimeters of federal extraterritorial subject-matter jurisdiction under 18 U.S.C. § 13(a).  The city of Bracketville, Texas, and though coexisting within the same geographical territory as the federal Western District of Texas, is [not] a federal enclave or extraterritorial jurisdiction of the United States. SEE - *Paul v. United States,* 371 U.S. 245 (1963).

Here, the government clearly attempts to invoke the Court's jurisdiction by overly broad and ambiguous means. More specifically, the indictment reads, "That on or about March 8, 2022, in the Western District of Texas*"*. The above cited statement is insufficient to invoke the subject-matter jurisdiction of the Court. Under the circumstances, the government is required to plead or otherwise nexus Mr. Anderson's conduct to a federal enclave. This matter is further supported and controlled by *Cunard S.S. Co. v. Mellon*, 262 U.S. 100, 122 (1923) and, *United States v. Lopez*, 514 U.S. 549 (1995).

In *Cunard* the Supreme Court determined that:

"Various meanings are sought to be attributed to the term "territory" in the phrase "the United States and all territory subject to the jurisdiction thereof." We are of opinion that it means the regional areas — of land and adjacent waters — over which the United States claims and exercises dominion and control as a sovereign power. The immediate context and the purport of the entire section show that the term is used in a physical and not a metaphorical sense, — that it refers to areas or districts having fixity of location and recognized boundaries."

The Supreme Court further determined that "The National Government has jurisdiction over crimes committed within its special territorial limits." *Hale v. Henkel*, 201 U.S. 43, 88 (1906). And yet from its indictment the government infers that i[t] has dominion over the entirety of Texas, as though the state of Texas in whole is a territory or federal enclave within various federal districts. The government's position is severely flawed. In *Kopel v. Bingham*, 211 U.S. 468 (1909) the Supreme Court articulated the geographical boundaries of federal authority which is still relevant today.

"A portion of the country not included within the limits of any State, and not yet admitted as a State into the Union, but organized under the laws of Congress with a separate legislature under a territorial governor and other officers appointed by the President and Senate of the United States." Id at 475.

The State of Texas fails to even fall within the Public Domain where the federal government by virtue of purchases continues to acquire a degree of authority over lands owned by the states.

> The term "public domain," as it applies to land within a State, refers to those lands which were acquired by the United States prior to the creation of the State and which are still retained by the United States, such as lands acquired by the Federal Government by virtue of the Louisiana Purchase. *The term has no application to any land in the original 13 states, or in Texas*, which was an independent State prior to its admission to the Union, and at present has only limited application to land in the States created out of the territory that belonged to the original 13 States. "Public domain lands" are to be differentiated from so-called "after-acquired lands," which exist in every State. Much of what was originally public domain is now in private ownership through the operation of the homestead laws and other similar laws. Other portions of the public domain have been withdrawn or reserved for military or other public uses. (emphasis added)

The General Services Administration as well as the Department of Justice) have both recognized and articulated the distinctions and geographical political reach of the federal government. It is well known that under the first portion of this constitutional provision the Federal Government exercises with respect to the District of Columbia all those powers - judicial, executive, and legislative - which under our Federal-State system of government are ordinarily reserved to the States.

> It is not so well known that under the second portion of this constitutional provision--the portion that has been emphasized above-the Federal Government has acquired "like Authority" with respect to numerous other areas within the geographical confines of the States and with respect the residents of such areas. These other areas--sometimes called "enclaves"--are, in effect, Federal islands surrounded by State territory. To the extent that jurisdiction thereover has been surrendered to, and accepted by, the Federal Government, the States are deprived of the ordinary authority of a State and cannot, with respect to such Federal enclaves or to their inhabitants, exercise usual State functions. (Emp added)

Lastly, in *Lopez*, the Supreme Court repeatedly indicated that Congress does not have a general police power and that such power rests exclusively with the states.

See also - *U.S. v. Bird*, 124 F.3d 667 (5th Cir. 1997) "Under our federal system, the "`States possess primary authority for defining and enforcing the criminal law." Id at 690. (Emp added). "The protection of the safety, the health, the morals, the good order and the general welfare of the people is the chief end of government. *Salus populi suprema lex*. The police power is inherent in the States, reserved to them by the Constitution, and necessary to their existence as organized governments. *Leisy v. Hardin*, 135 U.S. 100, 158 (1890). Moreover, the "interstate commerce" claim in the indictment is likewise flawed under settled federal law as it applies to the instant case, and again leaves the Court in want of subject-matter jurisdiction. This matter was unambiguously settled in *Lopez* where the Supreme Court determined that possession of an (unstolen) firearm does not "involve economic activity" for the purpose of the Commerce Clause. Id at 560 (1995).

     Mr. Anderson is not charged with having been in possession of a *"stolen"* firearm. Moreover, subsequent to *Lopez,* in *U.S. v. Luna*, 165 F.3d 316, 320 (5th Cir. 1999) the Court noted that, as a criminal statute, § 922(q) (which is also applicable to § 922(g)(1)) *** had nothing to do with commercial enterprise nor was it an essential part of a larger regulation of economic activity, and thus did not substantially affect commerce." This Court must examine its jurisdiction and rule accordingly. ""When courts lack subject matter jurisdiction over a case, they lack the power to adjudicate the case" and must dismiss it. " *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021).

     For all the foregoing, Mr. Anderson respectfully requests that this Court grant his motion to dismiss the indictment, prevent the Government from prosecuting him under 18 U.S.C. § 922(g)(1) and § 924(a)(2) , and discharge him from any further responsibility in this case.

        Respectfully submitted,

        **//s//Jacques L. De La Mota//**

        Attorney for Terry Anderson
        608 Griner Street
        Del Rio, Texas 78840
        SBN: 24038857
        830-719-1761

## CERTIFICATE OF SERVICE

I certify that I served a copy of the on June 27, 2024, by ECF and thereby have affected service upon all parties:

        **//s//Jacques L. De La Mota//**

        Attorney for Terry Anderson